IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF SUSAN WINNIG
by Joel Winnig, Special Administrator,

        Plaintiff,

v.

BANK OF AMERICA, N.A.,

        Defendant.

OPINION AND ORDER

18-cv-816-wmc

---

Plaintiff Estate of Susan Winnig alleges that defendant Bank of America, N.A. ("BOA") failed to honor three of its travelers checks purchased by Winnig's father, William Rubnitz, and presented by Susan for payment at one of its branch banks in Memphis, Tennessee. Before the court is defendant's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Dkt. #12.) For the reasons set forth below, the court will grant that motion.

ALLEGED FACTS[1]

On an unknown date before 2006, BOA issued three travelers checks to William Rubnitz through a "correspondent bank" in Wisconsin. Rubnitz passed away in Wisconsin in 2006, and his wife passed away in Tennessee in 2017. As part of settling her own personal and financial affairs as a terminal cancer patient, Susan Winnig took possession

---

[1] The brief summary of alleged facts are taken from plaintiff's First Amended Complaint. (Dkt. #8.) "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). For example, while defendant repeatedly refers to the allegation that William Rubnitz purchased the BOA travelers checks from one of its authorized agents in Wisconsin as speculation, the court will assume that fact to be true for purposes of considering the motion to dismiss.

of the travelers checks as her parents' heir and sought to cash them out. After allegedly being advised by a BOA representative that the travelers checks "would be paid if presented in person," Winnig presented the travelers checks for payment at a BOA branch in Memphis, Tennessee in June of 2017. Nevertheless, even though physically, the BOA branch refused Winnig to redeem the travelers checks, allegedly causing Winnig distress. This lawsuit followed.

OPINION

As a general matter, a federal court may exercise personal jurisdiction over a nonresident defendant "whenever the person would be amenable to suit under the laws of the state in which the federal court sits (typically under a state long-arm statute), subject always to the constitutional due process limitations encapsulated in the familiar 'minimum contacts' test." *KM Enters., Inc. v. Global Traffic Technologies, Inc.*, 725 F.3d 718, 723 (7th Cir. 2013). Wisconsin's long-arm statute, Wis. Stat. § 801.05, confers jurisdiction to the maximum extent allowed by the due process clause. *See Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012) ("Once the requirements of due process are satisfied, then there is little need to conduct an independent analysis under the specific terms of the Wisconsin long-arm statute itself because the statute has been interpreted to go to the lengths of due process.").

Plaintiff has the burden of establishing personal jurisdiction. *See Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). On a motion to dismiss in particular, plaintiff need only make a prima facie showing of jurisdictional facts, with all well-pleaded facts are taken as true. *Id.* Still, plaintiff must show that defendant purposely established minimum

2

contacts in the forum state such that it "should reasonably anticipate being haled into court there." *Id.* at 701 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The nature of defendant's contacts with the forum state determines the propriety of personal jurisdiction, while the nature of the claims made determines whether personal jurisdiction is general or specific. *Id.*

Plaintiff suggests that this court's exercise of *general* jurisdiction over BOA would be fair, particularly given its apparent participation in thousands of past lawsuits in the State of Wisconsin, but plaintiff principally relies on *specific* jurisdiction as the basis of proceeding against BOA in this case. General jurisdiction is appropriate where a defendant's affiliations with the forum state "are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (internal citations omitted). For a corporation, the most "easily ascertainable" and "unique" bases for establishing forum states are the states in which defendant maintains it principal place of business and in which it is incorporated, although there are not the *only* possible states of citizenship for personal jurisdiction. *Id.* at 137; *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 699 (7th Cir. 2015) (acknowledging that "*Goodyear* and *Daimler* may have left some room for the exercise of general jurisdiction in the absence of incorporation or principal place of business in the forum state").

While plaintiff asks the court to take judicial notice of numerous examples of BOA's past participation in litigation in Wisconsin, that approach is in doubt after the Supreme Court's decisions in *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915 (2011), and *Daimler*. *See* Craig Sanders, Note, *Of Carrots and Sticks: General Jurisdiction and Genuine*

*Consent,* 111 Northwestern L. Rev. 1323 (2017); *see also Daimler,* 571 U.S. 117. Regardless, plaintiff's general citations to past litigation -- much of which involve BOA being haled into this state involuntarily based on existence of *specific* jurisdiction as to those claims or as a plaintiff pursuing a defendant only available for suit in this state -- fail to meet the "high threshold" needed to establish general jurisdiction. *See Tamburo*, 601 F.3d at 701. The court thus turns to the issue of specific jurisdiction.

Specific jurisdiction is appropriate where the defendant's contacts with the forum state directly relate to the conduct underlying the claims asserted in the lawsuit itself. *Tamburo*, 601 F.3d at 702. Specific jurisdiction may be exercised where: (1) defendant purposefully directed its activities at the forum state or purposefully availed itself of the privilege of conducting business in the forum state; (2) the alleged injury arose out of those forum-related activities; and (3) doing so would comport with the traditional notions of fair play and substantial justice required by the Fourteenth Amendment's Due Process Clause. *Id.*; *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017), *reh'g and suggestion for reh'g en banc denied* (Nov. 14, 2017) (citing *Tamburo* for proposition that the" contacts with the forum State [must] be directly related to the conduct pertaining to the claims asserted").

Whether a defendant "purposefully directed" their conduct at a forum state depends on the nature of the underlying claim at issue. *Id.* A breach of contract claim may give rise to specific jurisdiction where the defendant "purposefully availed" itself of the privilege of conducting business or engaging in a transaction in the forum state. *Id.* at 702. On the other hand, where a plaintiff's claim is for an intentional tort, "the inquiry focuses on

4

whether the conduct underlying the claims was purposefully directed at the forum state." *Id.* The Seventh Circuit has explained that tortious conduct is "purposefully directed" at a forum state where intentional conduct was expressly aimed at the forum state and defendant knew that the plaintiff would be injured in the forum state. *Id.* at 703.

Not surprisingly, since it is likely outcome determinative as to personal jurisdiction, the parties dispute the essential nature of plaintiff's claim at issue here. Plaintiff asserts that the claim sounds in contract, originally stemming as it does from defendant's issuance of the travelers checks in Wisconsin through a correspondence bank some time before 2006. Plaintiff focuses then on BOA's alleged commercial activities in Wisconsin at the time the travelers checks were issued, arguing that: (1) its practice of selling travelers checks, even if only through a third-party agent, in this state was purposefully directed at Wisconsin residents; and (2) BOA availed itself of the privilege of conducting business in Wisconsin.

In contrast, defendant asserts that the nature of plaintiff's claim sounds in tort, stemming as it does from BOA's alleged refusal to cash the travelers checks in Tennessee in 2017. Focusing on the conduct that allegedly caused the injury to Winnig and gave rise to her claim -- the refusal to cash the travelers checks in Tennessee -- defendant argues the relevant conduct has no connection to Wisconsin. BOA further asserts that because the defendant is not located in Wisconsin and the injury did not occur in Wisconsin, the allegedly tortious conduct was not "directed at" Wisconsin and cannot give rise to specific jurisdiction in Wisconsin.

In reviewing the amended complaint, the court concludes that the essential claim

5

here is for the wrongful conversion of a negotiable instrument. *See, e.g., Schmitz v. Firstar Bank Milwaukee*, 2003 WI 21, 260 Wis. 2d 658 N.W.2d 442 (holding that Wis. Stat. § 403.201 -- Wisconsin's adoption of the U.C.C. -- is to be applied to a claim of conversion of a negotiable instrument). Of course, plaintiff rightly points out that a negotiable instrument is a contract between seller (here, BOA) and buyer (here, William Rubnitz), albeit apparently one now some sixty years old, and BOA's refusal to honor Mr. Rubnitz's presentation of the check for payment would constitute a breach, as arguably would a refusal to pay anyone he may designate as payee on the check.[2] Perhaps the Estate could even assert a similar quasi-contractual claim as a foreseeable third-party beneficiary of Mr. Rubnitz's original contract, given it is standing in the shoes of the now deceased daughter of Mr. and Mrs. Rubnitz, but that is a stretch.

Regardless, the essential claim is one of tortious conversion, in that the Estate is claiming BOA has wrongfully converted funds, rather than turning them over to the Rubnitz's heir. This claim sounds in tort. *See* Restatement (Second) of Torts § 223 (1965). Therefore, the court must determine whether the conduct underlying the tort claim was purposefully directed at the forum state. *Tamburo*, 601 F.3d at 702.

As alluded to already, this question effectively answers itself as the tortuous conduct underlying the claim of conversion of a negotiable instrument is defendant BOA's refusal to cash the travelers checks when physically presented for payment in Tennessee. Indeed, the First Amended Complaint even suggests that the Mr. Rubnitz's daughter, Susan

---

[2] In a footnote, BOA argues as an aside that even if this *were* treated as a claim for breach of contract, it would not be time barred under Wisconsin's six-year statute of limitations, but there was no alleged breach until BOA refused to honor the checks.

Winnig, was enticed by BOA to come to Tennessee to present the checks for payment at its location there. Accordingly, BOA's intentional conduct -- wrongful advice and refusal to cash the travelers checks -- was not aimed at Wisconsin, nor did any injury occur to Winnig in Wisconsin.

Therefore, plaintiff has not alleged sufficient facts to find that defendant purposely established minimum contacts in Wisconsin. Even if there were minimum contacts, plaintiff has failed to demonstrate that traditional notions of fair play and substantial justice support this court's exercise of jurisdiction given the State of Tennessee's substantially greater interest in the outcome of the claim asserted. Accordingly, this court lacks personal jurisdiction over BOA in this lawsuit.[3]

ORDER

IT IS ORDERED that defendant Bank of America, N.A.'s motion to dismiss for lack of personal jurisdiction (dkt. #12) is GRANTED. The clerk of court is directed to close this case.

Entered this 17th day of April, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

[3] Indeed, even if personal jurisdiction could be exercised over BOA here, the court would still likely grant a motion to transfer venue, given (1) the location of witnesses and documents in Tennessee, and (2) Tennessee's greater interest in this case as a whole. *See* 28 U.S.C. § 1404(a).